IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER BROWN, | CIVIL ACTION |
| Plaintiff, | NO. _____ |
| v. | |
| ADVANCED URGENT CARE OF SINKING SPRING LLC and MEHDI NIKPARVAR, | |
| Defendants. | |

## COMPLAINT

Plaintiff Heather Brown ("Plaintiff") brings this lawsuit against Defendants Advanced Urgent Care of Sinking Spring LLC and Mehdi Nikparvar, seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*

### JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

### PARTIES

4. Plaintiff is an individual residing in Douglassville, PA (Berks County).

5. Plaintiff is an employee covered by the FLSA and the PMWA.

6. Defendant Advanced Urgent Care of Sinking Spring LLC is a corporate entity headquartered in Sinking Springs, PA (Berks County).

7. Defendant Mehdi Nikparvar ("Nikparvar) is an individual residing in Penn

Valley, PA (Montgomery County).

8. Nikparvar, upon information and belief, owns Advanced Urgent Care of Sinking Spring LLC and has personally implemented and overseen the compensation policies and practices challenged in this lawsuit.

9. Defendants Advanced Urgent Care of Sinking Spring LLC and Mehdi Nikparvar are collectively referred to as "Defendants."

10. Defendants are employers covered by the FLSA and the PMWA.

## FACTS

11. Defendants own and operate a facility that provides urgent medical services called Advanced Urgent Care of Sinking Spring and located at 4631 West Penn Avenue, Sinking Springs, PA 19608 ("Sinking Spring facility").

12. Defendants employed Plaintiff as a Manager and X-ray Tech at its Sinking Spring facility from approximately August 2014 until approximately September 2015.

13. Defendants paid Plaintiff an hourly wage of $16.00.

14. Plaintiff frequently worked over 40 hours per week.

15. Defendants failed to pay Plaintiff overtime premium compensation calculated at 150% of her regular pay rate for all hours worked over 40 per week.

16. As just one of many examples, Plaintiff was credited with working 99.46 hours during the week ending January 26, 2015. During this week, Defendants did not pay Plaintiff any overtime premium compensation for her overtime hours. Instead, Defendants paid Plaintiff at her straight-time rate of $16.00/hour for all 99.46 hours.

17. As another example, Plaintiff was credited with working 95.36 hours during the week ending March 23, 2015. During this week, Defendants did not pay Plaintiff any overtime premium compensation for her overtime hours. Instead,

2

Defendants paid Plaintiff at her straight-time rate of $16.00/hour for all 95.36 hours.

18. Defendants' failure to pay overtime premium compensation for all overtime hours has been undertaken willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT I
### (Alleging FLSA Violations)

19. All previous paragraphs are incorporated as though fully set forth herein.

20. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

21. Defendants violated the FLSA by failing to pay Plaintiff overtime premium compensation for all hours worked over 40 per week.

22. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

23. All previous paragraphs are incorporated as though fully set forth herein.

24. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

25. Defendants violated the PMWA by failing to pay Plaintiff overtime premium compensation for all hours worked over 40 per week.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

3

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Date: January 7, 2016

Respectfully,

*Mark J. Gottesfeld*

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
mgottesfeld@winebrakelaw.com

*Plaintiff's Counsel*